UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TANGEE LEWIS,

     Plaintiff,

     v.

ROB BONTA, et al.,

     Defendants.

No. 2:26-cv-01761-TLN-JD

**ORDER**

     This matter is before the Court on Plaintiff Tangee Lewis's ("Plaintiff") Emergency Motion, which this Court construes as an ex parte Motion for Temporary Restraining Order ("TRO") based on the request for immediate relief.[1]  (ECF No. 2.)  For the reasons set forth below, the Court DENIES Plaintiff's Motion.

///

///

///

///

---

[1]   *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating that pleadings by pro se litigants must be held to less stringent standards than formal pleadings drafted by lawyers).

1

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this Emergency Motion along with her Complaint on May 8, 2026.  (ECF Nos. 1, 3.)  Plaintiff's complaint names the following defendants: Office of Attorney General Rob Bonta, Office of Governor Gavin Newsom, Office of Congresswoman Doris Matsui, Office of Mayor Kevin McCarty, Office of Councilwoman Mai Vang, and Sacramento Police Department.  (ECF No. 1 at 2–4.)  It is unclear to the Court what claims Plaintiff seeks to bring against these offices, however the complaint lists "USC 1985 Depriving Rights" as the basis for federal question jurisdiction.  (*Id.* at 5.)

In her Emergency Motion, Plaintiff requests "immediate action in assisting this family with the resources needed from the Federal Bureau of Investigations."  (ECF No. 3 at 1.)  Plaintiff's motion describes the alleged abduction and trafficking of "A" and "K" who appear to be Plaintiff's children.  (*Id.*)  Plaintiff asks that the motion be granted by May 13, 2026.  (*Id.*)

## II.  STANDARD OF LAW

Injunctive relief "is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008).  The purpose of a TRO is to preserve the status quo until a full hearing can be conducted.  *See* Fed. R. Civ. P. 65.  In general, "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions."  *Aiello v. One West Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092, at *1 (E.D. Cal. Jan. 29, 2010) (internal citations omitted); *see also* L.R. 231(a).

For a TRO to issue, Plaintiff must establish: "[1] that [she] is likely to succeed on the merits, [2] that [she] is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [her] favor, and [4] that an injunction is in the public interest."  *Winter*, 555 U.S. at 20.  Plaintiff must "make a showing on all four prongs" of the *Winter* test.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  However, the Court may weigh Plaintiff's showing on each of the *Winter* factors using a sliding-scale approach.  *Id.*  A stronger showing on the balance of the hardships may support issuing a TRO even where there are serious questions on the merits "so long as the plaintiff also shows that there is a

2

likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, if "serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in Plaintiff's favor in order to obtain preliminary relief. *Id.* at 1134–35.

Where Plaintiff's requested relief is for an order that a responsible party "take action," that relief is treated as a mandatory injunction. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citation omitted). The Ninth Circuit has cautioned that "a mandatory injunction goes well beyond simply maintaining the status quo *pendente lite* and is particularly disfavored." *Id.* (citation omitted) (cleaned up). Such relief should be denied "unless the facts and law clearly favor the moving party." *Id.* (citation omitted). "In plain terms, mandatory injunctions should not issue in 'doubtful cases.'" *Id.* (citation omitted).

**III.    ANALYSIS**

The Court is unable to grant Plaintiff's request for emergency relief for several reasons. As an initial matter, based on the description of the relief Plaintiff seeks, the heightened standard for mandatory injunctions governs here. However, even applying the standard for TROs, Plaintiff's request is unsuccessful due to her failure to demonstrate a likelihood of success on the merits of any claim. This factor is the "most important," and "[b]ecause it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three *Winter* elements." *Garcia*, 786 F.3d at 740 (citation omitted) (cleaned up). Plaintiff does not argue in her motion that she is likely to succeed on the merits of any claim. (*See generally* ECF No. 3.) It is also unclear from Plaintiff's complaint what claims she seeks to bring against each defendant. (*See generally* ECF No. 1.) Plaintiff therefore has not met her burden to obtain a TRO under *Winter*, nor has she shown that the facts and law are clearly in her favor as required to obtain a mandatory injunction. Because Plaintiff has not satisfied the likelihood of success factor, the Court need not consider the remaining *Winter* factors. *See Garcia*, 786 at 740. The Court notes however, that Plaintiff similarly fails to discuss or put forth sufficient information to make a showing on the remaining *Winter* factors.

Additionally, even if Plaintiff had shown she was likely to succeed on the merits, the Court could not grant a TRO or issue a mandatory injunction in this case as it is unclear what

3

specific relief Plaintiff seeks and from which defendant.  Plaintiff only states that she is "requesting immediate action in assisting this family with the resources needed from the Federal Bureau of Investigations."  (ECF No. 3 at 1.)  Plaintiff does not name the Federal Bureau of Investigation as a party to this lawsuit, nor does she explain what "immediate action" or "resources" she is referring to.

Finally, the Court notes Plaintiff has not complied with the requirements of Federal Rule of Civil Procedure 65(b)(1) or Local Rule 231, which both govern applications for TROs.  Courts regularly deny TROs where the movant fails to comply with procedural requirements, including where the movant is a *pro se* plaintiff.  *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").  Thus, for this additional reason, Plaintiff's request is denied.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Emergency Motion (ECF No. 3) is DENIED.  This matter is referred to the assigned United States Magistrate Judge for all further proceedings.

IT IS SO ORDERED.

Date: May 11, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE