UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TANGEE LEWIS,

        Plaintiff,

  v.

ROB BONTA, *et al.*,

        Defendants.

Case No.  2:26-cv-1761-TLN-JDP (PS)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff brings this action against various California government officials.  Her first amended complaint fails to state a claim, and therefore I recommend that it be dismissed without leave to amend.  I will grant her application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2), and her motion to amend, ECF No. 5, but I will recommend that her motion for reconsideration, ECF No. 8, be denied.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Procedural History**

On May 8, 2026, plaintiff filed this action against Rob Bonta, the California Attorney General, Gavin Newsom, Governor of California, Doris Matsui, U.S. Congresswoman, Kevin McCarty, Sacramento Mayor, Mai Vang, Sacramento Councilmember, and the Sacramento Police Department, ECF No. 1, along with motion for a temporary restraining order, ECF No. 3. On May 12, 2026, Judge Nunley denied plaintiff's motion for emergency relief, finding that plaintiff had failed to demonstrate that she had a likelihood of success on the merits. ECF No. 4 at 3. He further found that she had not specified what relief she sought or from whom she sought such relief. *Id.* at 4. The same day Judge Nunley denied plaintiff's motion, she filed a motion to amend, ECF No. 5, and an amended complaint, ECF No. 6. Between now and then, plaintiff has filed six additional documents, including a motion for reconsideration of Judge Nunley's May 12 order, *see* ECF No. 8.

2

**Discussion**

The specifics of plaintiff's complaint are hard to make out, but what underlies her complaint appears to concern her son. Plaintiff alleges that the "Department of Children and Families" wrongfully removed her son from her care and placed him with her relatives that are "dangerous." ECF No. 6 at 5. Plaintiff also alleges that her son needed medical care in Canada, but that once she returned to the United States with him, he was in danger. In an effort to be relocated with her child, plaintiff attempted to enlist the services of each defendant and their respective agencies. For example, plaintiff sent numerous communications to the California Attorney General's Office, Doris Matsui's Office, the California Governor's Office, and others. *See generally* ECF No. 6. Plaintiff received no concrete responses from any defendant, or she received responses indicating that the agency or office did not have jurisdiction to assist her. *See id.* at 5 (Sacramento Police Department explaining to plaintiff that she could not file a police report about a crime that did not happen in Sacramento).

The allegations in the complaint are too vague to proceed. These limited allegations are insufficient to put defendants on notice of her claims and of the factual basis for them. *See Jones v. Cnty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Factual specifics are needed. Indeed, the complaint fails to allege any wrongdoing by defendants. The extent of any alleged wrongdoing is defendants' failure to respond to plaintiff's complaints about her son.

The complaint also fails to demonstrate subject matter jurisdiction.[1] Plaintiff has neither alleged a federal claim nor has she alleged that diversity jurisdiction exists (no amount in controversy is alleged and all parties reside in California).

Accordingly, the complaint fails to state a claim. Given the amended complaint's

---

[1] Plaintiff's initial complaint identified 28 U.S.C. § 1985 as the basis for federal question jurisdiction. Plaintiff has not alleged any cause of action in her first amended complaint. But even if the court were to consider the basis as § 1985, it would fail to confer jurisdiction. To state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004). Plaintiff's complaint contains no such claim.

deficiencies, I find that granting plaintiff leave to amend would be futile.  In denying plaintiff's initial motion for a temporary restraining order, the court explained to plaintiff the original complaint's deficiencies.  ECF No. 4.  Although plaintiff filed an amended complaint, it contains the same vague and conclusory allegations that plagued the earlier one.  For these reasons, I recommend that the first amended complaint be dismissed without leave to amend.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

### Motion for Reconsideration

Plaintiff has filed a motion seeking reconsideration under Rule 60(b) of Judge Nunley's order denying her motion for injunctive relief.  ECF No. 8.  Rule 60(b) allows a court an avenue to grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  *See* Fed. R. Civ. P. 60(b)(1)-(3).  Motions for reconsideration should be granted only in rare circumstances.  *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  Mere disagreement with a previous order is an insufficient basis for reconsideration.  *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

Plaintiff does not argue that there has been an intervening change in the law or that there is new evidence.  Plaintiff thus appears to argue that the court should amend its judgment to correct clear error or prevent manifest injustice.  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  However, plaintiff fails to argue how the court made a clear error or how amendment could prevent manifest injustice.  Her motion seems to request that the court reconsideration her motion because she was displeased with the court's ruling.  Accordingly, I

4

recommend that her motion be denied.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's motion to amend, ECF No. 5, is GRANTED.

Further, it is RECOMMENDED that:

1. Plaintiff's first amended complaint, ECF No. 6, be DISMISSED without leave to amend for failure to state a cognizable claim.

2. Plaintiff's motion for reconsideration, ECF No. 8, be DENIED.

3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 30, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5